UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CHRISTOPHER HILDERBRANT,

                                  Plaintiff,

- against -

THE CITY OF ROCHESTER, ANDREW DELDUCA, BING REAVES, ANTHONY MAZURKIEWICZ, MICHAEL DIPAOLA, "JOHN DOE POLICE OFFICERS 1-200" (names and number of whom are unknown at present), TODD BAXTER, "RICHARD ROE SHERRIFF'S DEPUTIES 1-200" (names and number of whom are unknown at present), and other unidentified members of the Rochester Police Department and Monroe County Sheriff's Office,

                                  Defendants.

**MEMORANDUM OF LAW**

Case no: 6:21-cv-6714

---

**PRELIMINARY STATEMENT**

Defendants City of Rochester ("City"), Andrew Delduca, Bing Reaves, Anthony Mazurkiewicz, and Michael DiPaola (collectively "City Defendants") reject the exaggerated and unnecessarily lengthy description of the circumstances *leading up to* Plaintiff's claims, and focus herein on Plaintiff's legal claims.

Concisely stated, Plaintiff participated in public demonstrations on September 4-5, 2020, and now brings eleven claims from his interaction with City Defendants and Monroe County Sherriff during those demonstrations: excessive force, assault and battery, unlawful seizure and false arrest (under federal and state law), First Amendment infringement, failure to intervene and negligence by (named) City police department ("RPD") officers and (unnamed) Monroe County Sherriff Deputies—in addition to municipal liability for the alleged constitutional violations by the City Police Department ("RPD") and negligence by the City and the Monroe County Sherriff.

City Defendants now move to dismiss the Plaintiff's sixth, seventh, ninth, tenth, and eleventh claims for relief. Even under a deferential standard of review, Plaintiff has failed to sufficiently plead his claims, choose between mutually exclusive claims, and/or bring claims cognizable in law.

## STATEMENT OF FACTS

Plaintiff participated in public demonstrations on September 4-5, 2020. (Verified Complaint ¶¶ 20-24.) Plaintiff alleges that during the September demonstrations, he was "subjected" to "chemical weapons," seized by law enforcement, thrown to the ground, dragged approximately ten feet, struck, handcuffed, and arrested. (Verified Complaint ¶¶ 22-24, 26, 85-86.)

Plaintiff also pleads that "RPD officers were at all times agents, servants, and employees acting within the scope of their employment by Defendant City" and the City should be responsible under respondeat superior for his claims of assault and battery (Verified Complaint ¶ 91-92) and unlawful seizure and false arrest (Verified Complaint ¶¶ 114-115). Plaintiff separately alleged—as his eleventh claim for relief—respondeat superior against the City. (Verified Complaint ¶¶ 164-166.)

Plaintiff also alleged that the named RPD officers failed to fulfill their "affirmative duty to intervene on Plaintiff's behalf to prevent the violation of his constitutional rights" (Verified Complaint ¶ 126), "despite having substantially contributed to the" alleged violation (Verified Complaint ¶ 128).

Plaintiff also alleged that Monroe County Sherriff and City were negligent in the training, supervision, and discipline of their respective law enforcement employees when they failed to ensure law enforcement could properly police protests and demonstrations (Verified Complaint ¶¶ 133, 146). Moreover, the Monroe County Sheriff and City also "breached [their] duty to keep demonstrators safe" (e.g., Verified Complaint ¶¶ 137-140, 150-152).

## MOTION TO DISMISS STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Lynch v. City of New York*, 952 F.3d 67, 74 (2d Cir. 2020) (internal quotations omitted), quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

# ARGUMENT

## I. PLAINTIFF FAILED TO ALLEGE THE ELEMENTS OF FIRST AMENDMENT INFRINGEMENT AND RETALIATION, SO BOTH CLAIMS MUST BE DISMISSED.

To claim deprivation of First Amendment rights, individuals must allege specific, non-speculative impairment of First Amendment rights—and Plaintiff did not. *Spear v. West Hartford*, 954 F.2d 63 (2d Cir. 1992). Plaintiff detailed his participation in the protest and law enforcement interaction (Verified Complaint ¶¶ 20-27), but not once alleged that his speech was curbed or hindered in any way. As such, he has not pled a First Amendment deprivation claim.

For his First Amendment retaliation claim, Plaintiff, as a private citizen suing a public official, must show that: "(1) [he] has an interest protected by the First Amendment; (2) defendants' actions were motivated or substantially caused by his exercise of that right; and (3) defendants' actions effectively chilled the exercise of his First Amendment right." *Wood v. Town of Greenburgh*, 535 F.3d 71, 76 (2d Cir. 2008). Furthermore, these claims must be set forth "through specific and detailed factual allegations," not "wholly conclusory terms[,]" in order to survive a motion to dismiss. *Friedl v. City of New York*, 210 F.3d 79, 85-86 (2d Cir. 2000).

Plaintiff has not pled the three elements of First Amendment retaliation. He has not demonstrated that the alleged retaliation was caused by his alleged free speech or how Defendants allegedly "chilled [his] exercise of [his] First Amendment right." While he states that he was thrown to the ground and arrested at the protests (Verified Complaint ¶¶ 23-24), he fails to allege that law enforcement responded in this way, *because of* his exercise of First Amendment rights. The Plaintiff also declined to allege how Defendants chilled his free speech. He never alleged that he declined to engage in First Amendment speech as he desired to *because of* Defendants' actions. Furthermore, arrests, without more, do not constitute chilling effect on First Amendment rights. *Wood v. Town of E. Hampton*, No. 08-cv-4197, 2010 U.S. Dist. LEXIS 104806, at *23-24 (E.D.N.Y. Sept 30, 2010). Plaintiff has not sufficiently pled a First Amendment retaliation claim, so it must be dismissed.

## II. BECAUSE LAW ENFORCEMENT OFFICERS MAY NOT BE SUED FOR SIMULTANEOUSLY ENGAGING IN AND FAILING TO INTERVENE TO PREVENT EXCESSIVE FORCE, PLAINTIFF'S FAILURE TO INTERVENE CLAIM MUST BE DISMISSED.

Plaintiff's seventh cause of action for failure to intervene must be dismissed. City Defendants acknowledge that under federal law, law enforcement officers have "an affirmative duty to intervene to protect the constitutional rights of citizens from infringement by other law enforcement officers in

their presence." *Anderson v. Branen*, 17 F.3d 552, 557 (2d Cir. 1994). Failure to intervene is inapplicable, however, "[w]here the officer is a direct participant in the allegedly excessive use of force[.]" *Cuellar v. Love,* No. 11-cv-3632, 2014 U.S. Dist. LEXIS 51622, at *23, (S.D.N.Y. Apr. 11, 2014); see also *Abujayyab v. City of New York,* No. 15-cv-10080, 2018 U.S. Dist. LEXIS 140914 at *23-24 (S.D.N.Y. Aug. 20, 2018).

Plaintiff has pled this exact inapplicable set of circumstances: he brings suit for a failure to intervene against the officers who allegedly engaged in excessive force. Indeed, the allegation itself confirms the need for the dismissal, as he claims officers allegedly failed to intervene in the situation they substantially contributed to: "The individual defendants failed to intervene on Plaintiff's behalf despite having substantially contributed to the circumstances within which Plaintiff's rights were violated by their affirmative conduct." (Verified Complaint ¶ 128.) Plaintiff's seventh claim for failure to intervene must be dismissed in light of Plaintiff's claim that they also engaged in the alleged violation of his constitutional rights.

### III.     PLAINTIFF'S NEGLIGENCE CLAIMS AGAINST THE CITY MUST BE DISMISSED AS A MATTER OF LAW AND LEGAL INSUFFICENCY.

Plaintiff's ninth cause of action must also be dismissed, because Plaintiff has impermissibly pled that the named RPD officers were acting both within and outside of the scope of their employment during the circumstances leading to the claims.

It is well-settled under New York State law that a plaintiff may not bring a claim holding an employer liable for negligent supervision and training when the employee's actions were within the scope of the employee's employment. *Watson v. Strack*, 5 A.D.3d 1067, 1068 (4th Dep't 2004);[1] *Ambroise v. United Parcel Service of America, Inc.*, 143 A.D.3d 929, 931 (2d Dep't 2016). Indeed, "[t]he cause of action for negligent training, supervision and education *must be dismissed* in view of the cause of action alleging that defendant is liable for the negligent acts of its employee under the doctrine of respondeat superior." *Trader v. State*, 277 A.D.2d 978, 978 (4th Dep't 2000) (emphasis added).

---

[1] Only one exception exists: the employer's alleged gross negligence in an employee's hiring or retention for which the Plaintiff seeks punitive damages. *Watson*, 5 A.D.3d at 1068. Plaintiff has not pled this exception and it is, moreover, inapplicable, because punitive damages cannot be awarded against a municipality. *Sharapata v. Islip*, 56 N.Y.2d 332 (1982).

Despite this clear and consistent precedent, Plaintiff has pled these contradictory theories: that RPD officers were "within the scope of their employment" while allegedly engaged in assault and battery and unlawful seizure (Verified Complaint ¶¶ 90, 114, respectively)—but also that the City "was negligent in the training, supervision, and discipline" of its police officers (Verified Complaint ¶ 181). Plaintiff even emphasizes the City's responsibility for its named employees *that were acting within the scope of their employment* by pleading respondeat superior as his eleventh claim for relief. (Verified Complaint ¶¶ 165-166.) The Court must dismiss Plaintiff's negligence claim against the City as a matter of law, because it cannot co-exist with claims of respondeat superior.

Plaintiff also alleges that the City "breached its duty to keep demonstrators safe" (e.g., Verified Complaint ¶ 150). Municipalities cannot be held liable for failing to protect specific individuals, unless a "special relationship" exists. *Cuffy v. New York*, 69 N.Y.2d 255, 260 (1987). Here, Plaintiff failed to plead the elements of any such special relationship: "(1) an assumption by the municipality, through promises or actions, of an affirmative duty to act on behalf of the party who was injured; (2) knowledge on the part of the municipality's agents that inaction could lead to harm; (3) some form of direct contact between the municipality's agents and the injured party; and (4) that party's justifiable reliance on the municipality's affirmative undertaking." *Cuffy*, 69 N.Y.2d at 260. Without a special relationship, the City did not owe a duty of protection to the demonstrators, and any claims for breaching the alleged duty must be dismissed.

### IV. PLAINTIFF'S NEGLIGENCE CLAIM AGAINST THE INDIVIDUAL OFFICERS MUST BE DISMISSED, BECAUSE IT CONFLICTS WITH HIS INTENTIONAL TORT CLAIMS, AND MUNICIPAL ACTORS MAY NOT BE LIABLE FOR DISCRETIONARY ACTS.

Plaintiff cannot plead both torts and negligence, so one set of claims—presumably the negligence—must be dismissed. These claims are "mutually exclusive," because "[a]n assault and battery is an intentional act, whereas negligence is unintentional." *United National Insurance Co. v. Tunnel, Inc.*, 988 F.2d 351, 353 (2d Cir. 1993); *Mazzaferro v. Albany Motel Enterprises, Inc.,* 515 N.Y.S2d 631, 632-33 (3d Dep't 1987); see also *New York Casaulty Ins. Co. v. Ward*, 139 A.D.2d 922, 923 (4th Dep't 1988).

Furthermore, the New York State Court of Appeals has repeatedly held that under the government function immunity defense, "discretionary acts may not be the basis of liability" for municipalities or their employees—"even if resulting from negligence or malice." *McLean v. City of New York*, 12 N.Y.3d 194, 202 (N.Y. 2009); see also *Lauer v. City of New York*, 95 N.Y.2d 95 (N.Y.

5

2000). Discretionary acts involve "the exercise of reasoned judgment which could typically produce different acceptable results[.]" *Tango v. Tulevech*, 61 N.Y.2d 34, 41 (N.Y. 1983).

(On the other hand, ministerial acts involve "direct adherence to a governing rule or standard with a compulsory result" (*Tango,* 61 N.Y.2d at 41) and may result in liability—if actions violate a special duty owed to an individual. *McLean*, 12 N.Y.3d at 203; *Lauer*, 95 N.Y.2d at 99-101.)

Most law enforcement activities—and certainly the ones pled here, i.e., using force against Plaintiff—inherently involve discretion and judgment. *Arias v. City of New York*, 22 A.D.3d 436, 437 (2d Dep't 2005) ("This immunity extends to the actions of police officers engaged in law enforcement activities, provided that the officers' actions are not inconsistent with acceptable police practice[.]"); see also *Davila v. City of New York*, 139 A.D.3d 890, 894-895 (2d Dep't 2016) (affirming that officers allegedly negligent acts in restraining individual with mental illness were discretionary). Plaintiff alleges police officers were negligent in using force (Verified Complaint ¶ 157) when these officers were responding to "hundreds of protestors"—possibly thousands—in an evolving situation (Verified Complaint ¶ 19, 15). The officers exercised their judgment and determined the level of force to use in response to the situation, which means the officers are immune from liability for any negligence in those discretionary acts.

V. **PLAINTIFF'S FOURTEENTH CLAIM FOR RELIEF MUST BE DISMISSED, BECAUSE RESPONDEAT SUPERIOR LIABILITY IS NOT A CLAIM IN ITSELF AND PLAINTIFF FAILED TO PLEAD AN ACCOMPANYING TORT OR INJURY.**

Plaintiff's eleventh claim must also be dismissed, because Plaintiff has conflated a legal theory of liability (i.e., respondeat superior) with a claim for relief.

"An employer may be vicariously liable *for an employee's tortious act* based on the doctrine of respondeat superior [….] provided the employee was at the time acting for the employer, and within the scope of the business entrusted to him or her." 52 NY Jur 2d Employment Relations § 396 (emphasis added); *Riviell v. Waldron*, 47 N.Y.2d 297, 302 (N.Y. 1979); see also *Prystajko v. Western N.Y. Pub. Broadcasting Assn.*, 57 A.D.3d 1401, 1403 (4th Dep't 2008). Plaintiff must first identify a tort, negligence, or harm rendered by a City employee in order to receive a remedy, and then assert the City's employer liability for that remedy via respondeat superior. Respondeat superior only transfers liability; it cannot stand alone as a claim, as Plaintiff has pled here. Plaintiff has accordingly failed to state a claim for which any relief may be granted, and this stand-alone respondeat superior claim must be dismissed.

Defendants note that Plaintiff has asserted that the City is liable, pursuant to respondeat superior, for his claims against named RPD officers for assault and battery and unlawful seizure and false arrest. (Verified Complaint ¶¶ 92, 115, respectively). This separate respondeat superior claim is also, therefore, duplicative of those claims.

## CONCLUSION

For the foregoing reasons, City Defendants respectfully request that the Court grant their motion to dismiss the sixth, seventh, ninth, tenth, and eleventh causes of action, and award City Defendants such other relief as the Court deems proper.

Date: November 22, 2021

        PATRICK BEATH
        DEPUTY CORPORATION COUNSEL

By: _____
Peachie L. Jones, Esq., Of Counsel
*Counsel for City Defendants*
30 Church Street, Room 400A
Rochester, NY  14614
(585) 428-7992
Peachie.Jones@CityofRochester.gov


To:    Elliot Dolby Shields, *Co-counsel for Plaintiff*
        ROTH AND ROTH LLP
        192 Lexington Avenue, Suite 802
        New York, NY 10024
        (212) 425-1020 | eshields@rothandrothlaw.com

        Donald Thompson, *Co-counsel for Plaintiff*
        EASTON THOMPSON KASPEREK SHRIFFIN
        16 West Main Street, Suite 243
        Rochester, NY 14614
        (585) 423-8290 | dmthompson@etksdefense.com

        Maria E. Rodi, *Counsel for Defendant Todd Baxter*
        MONROE COUNTY LAW DEPARTMENT
        307 County Office Building
        39 West Main Street
        Rochester, NY 14614
        (585) 753-1495 | MariaRodi@MonroeCounty.gov