UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTOPHER HILDERBRANT,<br><br>                      Plaintiff,<br>    v.<br><br>THE CITY OF ROCHESTER, ANDREW DELDUCA, BING REAVES, LYNN MAZURKIEWICZ, as executor of the estate of ANTHONY MAZURKIEWICZ, MICHAEL DIPAOLA, HENRY FAVOR, NASER ZENELOVIC, RAYMOND DEARCOP, RALPH MONTINARELLI, JOSEPH MORABITO, SAMUEL LUCYSHYN, "JOHN DOE POLICE OFFICERS 1-200" (names and number of whom are unknown at present), COUNTY OF MONROE, TODD BAXTER, "RICHARD ROE SHERIFF'S DEPUTIES 1-200" (names and number of whom are unknown at present), and other unidentified members of the Rochester Police Department and Monroe County Sheriff's Office,<br><br>                      Defendants. | Case No. 21-cv-6714<br><br>**ANSWER TO SECOND AMENDED COMPLAINT ON BEHALF OF COUNTY DEFENDANTS WITH JURY DEMAND** |

Defendants County of Monroe, Todd Baxter, and Richard Roe Sheriff's Deputies (the "County Defendants") answer plaintiff's Amended Complaint as follows:

1. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs: 1-10, 21 – 23, 121, 122.

2. Deny the allegations set forth in paragraphs: 11, 13, 14, 16, 20, 24, 25, 47 – 49, 78 – 96, 101, 102, 104, 105, 108, 110 – 113, 115, 119, 120, 123 – 125, 148 – 154, 156 – 180, 207 – 209.

3. Admit the allegations set forth in paragraphs: 12, 15, 17.

4. Admit the allegations against the County Defendants and deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraphs: 18, 19.

5. Deny as to the County Defendants and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs: 26, 29, 30, 109, 117, 118.

6. Deny as to the County Defendants and otherwise deny upon information and belief the allegations in paragraphs: 27, 28.

7. Respond to paragraphs 31 – 46, 56 – 77, 97 – 99, 106, 107, 116, 126 – 146, 181 – 198, 200, and 201 by averring that said paragraphs do not allege anything against the County Defendants and otherwise denying said paragraphs as to the County Defendants.

8. Respond to paragraphs 50 – 55 and 202 - 206 of the complaint by averring that, as alleged, Defendants other than the County Defendants made "all tactical decisions regarding the response to the protestors", "developed the protest response(s)", "directed" and "oversaw" the responses, and "chose" any "chemical weapons" that allegedly violated the Plaintiff's rights, deny said paragraphs as to the County Defendants, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in said paragraphs.

9. Respond to paragraphs 100, 103, 114, 147, 155, and 199 as responded to elsewhere herein.

10. Any allegation set forth in the Complaint that is not addressed above is denied.

### 1st Affirmative Defense

11. The Complaint fails to state a cause of action upon which relief may be granted as against the County Defendants under either Federal or New York State law.

### 2nd Affirmative Defense

12. Plaintiff's culpable conduct, contributory negligence, and/or assumption of risk caused the damages alleged in the Complaint.

### 3rd Affirmative Defense

13. If plaintiff is entitled to recover damages, those damages should be diminished in the proportion that the culpable conduct attributable to the plaintiff bears to the culpable conduct that caused the damages.

### 4th Affirmative Defense

14. Plaintiff has failed to mitigate their damages.

### 5th Affirmative Defense

15. The damages alleged in the Complaint were caused by the culpable conduct and/or negligence of a third party, including but not limited to the City of Rochester and/or the Rochester Police Department, and some of the protestors, whose acts or omissions were not foreseeable by the County Defendants, and which constitute an intervening or superseding cause that precludes liability on the part of the County Defendants as a matter of law and/or requires a reduction of any damages awarded against the County Defendants.

### 6th Affirmative Defense

16. Any use of force by the County Defendants, including unnamed John Does, was objectively reasonable and justified under New York State and Federal Law.

### 7th Affirmative Defense

17. Any use of force did not rise to the level of a constitutional violation and/or was reasonable and necessary.

### 8th Affirmative Defense

18. The County Defendants, including any unnamed John Does, are entitled to good faith immunity and discretionary immunity from suit.

### 9th Affirmative Defense

19. The County Defendants, including any unnamed John Does, did not violate any clearly established right of which a reasonable officer would have known, and are therefore entitled to

qualified immunity.

### 10th Affirmative Defense

20. Any conduct of the County Defendants, including any unnamed John Does, was justified in the circumstances, was privileged conduct in the performance of police function, was supported by probable cause, and was reasonably necessary to the performance of their duties and in accordance with requirements of law.

### 11th Affirmative Defense

21. The County Defendants did not authorize, condone, permit, or ratify any alleged improper or malicious conduct of the part of any person or adopt any policy condoning such conduct.

### 12th Affirmative Defense

22. Punitive damages are not available against Monroe County or the Monroe County Sheriff in his official capacity.

### 13th Affirmative Defense

23. The Complaint fails to allege facts that any of the County Defendants acted maliciously, wantonly, or in a manner which manifested a gross deviation from the standard of conduct which a reasonable person would follow, and has therefore failed to allege facts upon which an award of punitive damages could be granted as a matter of law.

### 14th Affirmative Defense

24. Monroe County and the Sheriff in his official capacity have governmental immunity from liability for the damages alleged in the Complaint.

### 15th Affirmative Defense

25. The doctrine of *respondeat superior* is unavailable under New York State law as a basis for imposing liability upon the County for the alleged tortious conduct of any other named defendant. A county is not liable for the acts of Sheriff or his deputies unless it has assumed such

liability by local law, which Monroe County has not. *See* Code of Monroe County, Chapter 39.

### 16th Affirmative Defense

26. Any duty attributable to performing police functions, or to employ, train, or equip a law enforcement force or an individual law enforcement officer, is a duty to the general public and not a duty to any particular individual upon which liability may be premised unless a special duty is established. There was no special duty between the plaintiff and any of the County Defendants.

### 17th Affirmative Defense

27. The doctrine of *respondeat superior* is unavailable under New York State law as a basis for imposing liability on the County or Sheriff for the alleged acts of Sheriff's deputies who were engaged in a criminal justice function.

### 18th Affirmative Defense

28. The doctrine of *respondeat superior* is unavailable under 42 U.S.C. §1983 as a basis for imposing liability on the County or Sheriff for the conduct of the Sheriff's deputies.

### 19th Affirmative Defense

29. Any recovery by plaintiff is subject to reduction, after trial, for collateral source payments made or to be made for economic loss pursuant to CPLR §4545.

### 20th Affirmative Defense

30. In the event that the liability of the County Defendants are found to be 50% or less of the total liability assigned to all persons and entities liable, the liability of the County Defendants to the plaintiffs for their non-economic loss shall not exceed the County Defendants' equitable share determined in accordance with the relative culpability of each person and entity causing or contributing to the total liability for non-economic loss. If the plaintiff recovers a verdict against the County Defendants, the County Defendants are entitled to limited liability pursuant to Article 16 of

the CPLR.

### 21st Affirmative Defense

31. That the injuries alleged in the Complaint were caused or occasioned solely, or in part, by the negligent, reckless, intentional, or otherwise wrongful conduct, including both acts and omissions, attributable to one or more third parties, whose acts or omissions were not foreseeable by the County Defendants and constitute an intervening cause which precludes liability on the part of the County Defendants as a matter of law.

### 22nd Affirmative Defense

32. That punitive damages cannot be awarded against a municipality or any individuals whom a municipality is required to indemnify.

### 23rd Affirmative Defense

33. In the event the Complaint alleges the County Defendants undertook a special duty to the plaintiff, the plaintiff did not reasonably rely thereon and/or any such reliance was unreasonable or misplaced.

### 24th Affirmative Defense

34. If the damages for which the plaintiff seeks recovery were caused by the culpable conduct or negligence of any parties other than the plaintiff or the County Defendants, they were caused in part by the culpable conduct and/or negligence of the defendants other than the County Defendants. If the plaintiff recovers a judgment against the County Defendants, then the County Defendants are entitled to contribution pursuant to Article 14 of the New York CPLR and state and federal law, from these other defendants, in the full amount of such judgment together with costs, disbursements, and attorneys' fees.

### 25th Affirmative Defense

35. If the damages for which the plaintiff seeks recovery were caused by the culpable conduct or negligence of any party other than the plaintiff or the County Defendants, then they were caused in part by the culpable conduct and/or negligence of the defendants other than the County Defendants. If the plaintiff recovers a judgment against the County Defendants, then the County Defendants are entitled to indemnification implied by operation of law, from these other defendants, in the full amount of such judgment together with costs, disbursements, and attorneys' fees.

### 26th Affirmative Defense

36. The Plaintiff's most recent amended complaint alleges that Defendants other than the County Defendants made "all tactical decisions regarding the response to the protesters", "developed the protest plan(s)", "chose" the "chemical weapons" used, and "oversaw" the protest responses and therefore some or all of the causes of action against the County Defendants which involve these issues should be dismissed.

### THE COUNTY DEFENDANTS DEMAND A JURY TRIAL

**WHEREFORE**, the County Defendants demand judgment dismissing the Amended Complaint, together with costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:  October 26, 2023

**JOHN P. BRINGEWATT,**
**MONROE COUNTY ATTORNEY**
*Attorney for the County Defendants*

Adam M. Clark, Deputy County Attorney
307 County Office Building
39 West Main Street, Rochester, NY 14614
Telephone:  585.753.1374
E-Mail:  adamclark@monroecounty.gov

To:     All Counsel of Record, *by ECF*